IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| NATIONAL RENAL ALLIANCE, LLC, n/k/a RAI II, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3-10-cv-0872 |
| GAIA HEALTHCARE SYSTEMS, LLC, | ) ) ) | JUDGE TRAUGER |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF GAIA'S MOTION TO
VACATE AND FOR STAY OF PROCEEDINGS PURSUANT
TO 9 U.S.C. §§ 10 AND 12**

Plaintiff, National Renal Alliance, LLC, n/k/a/ RAI II, LLC ("NRA"), brought this action to confirm an arbitration award entered in its favor against Defendant, Gaia Healthcare Systems ("Gaia"). In response, Gaia now seeks an Order from this Court vacating the arbitration award pursuant to 9 U.S.C. § 10(a)(4) because the Arbitrator exceeded his powers by (1) adjudicating Tennessee Consumer Protect Act ("TCPA") claims that NRA is simultaneously litigating in a separate state court action, (2) adjudicating TCPA claims even though the parties explicitly agreed that their dispute would be governed by Colorado law, and (3) by adjudicating and awarding identical damages that NRA is simultaneously pursuing against Gaia in a separate state court action. Gaia strenuously objected to the Arbitrator's consideration and adjudication of these claims, to no avail.

NRA should not be permitted to benefit from its procedural gamesmanship that has caused the same claim for damages to be litigated in two separate forums.

NRA waived the right to arbitrate its damage claims by asserting them in the state court action. Therefore, the Arbitrator exceeded his powers by adjudicating them. This Court should vacate the arbitration award and require NRA to assert its damage claims against Gaia in the state court action that NRA voluntarily initiated *after* commencement of the arbitration. Doing so will prevent NRA from recovering twice for the same damages, and will avoid the multiple (and potentially conflicting) adjudication of the same damage claims in two separate forums.

Gaia alternatively requests, pursuant to 9 U.S.C. § 12, a stay of the Petition to Confirm Arbitration Award and of Gaia's Motion to Vacate pending a determination by the state court of the applicability and effect of the doctrines of issue and/or claim preclusion to the arbitration award. Such a stay is necessary to avoid NRA's relitigating its TCPA claims (which the Arbitrator found meritless) in state court and to prevent duplicative damages from being awarded against Gaia.

## FACTUAL BACKGROUND

Gaia Healthcare Systems, Inc. ("Gaia") is a Colorado limited liability company with its principal office located in Colorado. (Petition to Confirm Arbitration Award, ¶2). Gaia provides dialysis-specific software to the owners and operators of dialysis facilities. Plaintiff, National Renal Alliance, LLC, n/k/a RAI II, LLC ("NRA") is a Delaware limited liability company with its principal office in Williamson County, Tennessee. (Petition, ¶1). NRA provided dialysis care to patients at more than thirty (30) facilities in multiple states. (**Exhibit 1**, First Amended Complaint, ¶4).

NRA used three software products supplied by Gaia. (*Id*. at ¶¶ 9-10). These were GE billing software, electronic medical records ("EMR") software developed by Gaia to be used with the billing software, and Middleware to transfer pertinent information from the EMR software to the GE billing software, which would generate Medicare forms for payment. (*Id*.).

On January 25, 2007, NRA and Gaia executed a written agreement concerning the Middleware software and the GE software. (**Exhibit 2**, Agreement). The Agreement contained an arbitration clause, with any controversy or claim arising under the Agreement to be submitted to mediation and then, if mediation was unsuccessful, to arbitration. (*Id*. at ¶20). No written agreement was executed concerning the EMR software, which Gaia submits NRA was using on a trial basis. (**Exhibit 1**, First Amended Complaint, ¶14).

NRA used the software supplied by Gaia. As is to be expected when a company such as NRA goes live with new software that has many applications and users, there were minor issues with the software. Gaia was highly motivated to have a successful business relationship with NRA and addressed any performance issues as they arose. Gaia submits that most of any performance issues with the software were related to NRA's implementation and that if NRA had reasonably cooperated with Gaia, any significant remaining performance issues could have been resolved.

By letter dated October 19, 2007, NRA purported to terminate the Agreement as to the GE billing software and Middleware and advised Gaia that it was immediately discontinuing its use of the EMR software. (Exhibit 1 to Exhibit C to Petition). NRA advised Gaia that it would need to continue to use the GE billing

3

software for up to six months, but NRA later denied actually using this software after purporting to terminate the Agreement. (*Id*.). Unbeknownst to Gaia, NRA continued to use, at least intermittently, all of the software supplied by Gaia well after October 19, 2007.

The parties unsuccessfully attempted to mediate their claims, and on October 17, 2008, Gaia filed a Demand for Arbitration based on NRA's breach of the Agreement, which applied to the Middleware and the GE billing software. (**Exhibit 3**). NRA responded with a Counterclaim for breach of contract, fraud and misrepresentation and violation of the Colorado Consumer Protection Act. (Exhibit C to Petition). In June of 2010 – over Gaia's strenuous objection[1] – NRA filed an Amended Counterclaim in the arbitration proceeding alleging violation of the Tennessee Consumer Protection Act ("TCPA") (**Exhibit 4**).

In September, 2009 (after Gaia had initiated the arbitration), NRA filed a First Amended Complaint against Gaia in the Chancery Court of Williamson County, Tennessee. (**Exhibit 1**). NRA's claims in the state court action included a claim against Gaia for alleged violations of the TCPA related to not only the EMR software but also the Middleware and the GE billing software that were subject to the parties' arbitration agreement. (*Id*. at ¶¶49-50). NRA sought damages, treble damages and costs, including attorneys' fees, for those violations. (*Id*. at ¶52). NRA's conduct violated the terms of the Agreement, which required that any claim related to the Middleware or the GE billing software be submitted to arbitration. (**Exhibit 2**, ¶20A).

---

[1] Gaia objected on the basis that NRA was already pursuing a TCPA claim related to the GE billing software and Middleware in the state court action. In addition, Gaia objected on the basis that, pursuant to the parties' agreement, their dispute was explicitly governed by Colorado law and, therefore, the Arbitrator lacked jurisdiction to adjudicate the TCPA claim.

4

Gaia objected, before the arbitration hearing, to NRA's raising a TCPA claim in the arbitration, which claim was based on the application of Tennessee law and which was duplicative of the already pending state court claim for violation of the TCPA concerning all three of the software products that NRA had asserted in the state court action. (**Exhibit 5**, letter to Arbitrator dated June 9, 2010 at p. 4; **Exhibit 6**, letter to Arbitrator dated June 23, 2010).

Before the arbitration hearing, discovery revealed that NRA was seeking identical damages in both the state court action and the arbitration proceeding. In the state court action, NRA, through its CFO David Skelton, provided written discovery responses that purported to itemize the damages it was seeking in that case. (**Exhibit 7**, NRA's Response to Gaia's Interrogatory 17). During the arbitration, NRA, again through its CFO David Skelton, submitted an exhibit outlining the damages it was seeking from the Arbitrator. (**Exhibit 8**, NRA's damages exhibit from arbitration). NRA's purported damages submitted to the Arbitrator were virtually identical, both categorically and numerically, to the damages sought by NRA in the state court action. Testifying on behalf of NRA as its corporate designee, David Skelton confirmed in a September 9, 2010, deposition (after the arbitration hearing) that NRA had sought the same damages in the arbitration that it was still seeking in the state court action. (**Exhibit 9**, Excerpts from 9/9/10 Deposition of David Skelton).

Both during the arbitration and in its post-hearing brief, Gaia objected to NRA's attempt to both arbitrate and litigate the same damages. (**Exhibit 10** at pp. 4-5, Gaia' Post-Hearing Brief to the Arbitrator).

On or about September 13, 2010, the AAA served the arbitration award (the "Award") on the parties. (**Exhibit 11**). Of all of the damages sought by NRA and considered by the Arbitrator (which totaled approximately $1.5 million), the Award awarded $305,000.00 as damages for breach of contract to NRA. The Award neither stated nor implied that the Arbitrator had not also considered (and rejected) NRA's other claims for damages (including the TCPA claim). Put differently, the Arbitrator adjudicated all of NRA's claims for damages, but only awarded NRA damages based upon its breach of contract claim.

On September 17, 2010, NRA filed its Petition to Confirm Arbitration Award in this Court. Gaia filed an Answer and Counterclaim to Vacate, Modify or Correct the Arbitration Award on November 23, 2010, and NRA filed a Response December 10, 2010, in which it asserted that a motion rather than a counterclaim was required under the FAA.[2]

---

[2] Although Gaia disagrees that its application to vacate the arbitration award was technically deficient, this motion seeks to cure any defect that would prevent this Court's consideration of the merits of Gaia's request.

6

**ARGUMENT**

**I. THE ARBITRATION AWARD SHOULD BE VACATED BECAUSE THE ARBITRATOR EXCEEDED HIS AUTHORITY BY CONSIDERING CLAIMS WHOSE ARBITRABIILTY HAD BEEN WAIVED AND BY AWARDING DAMAGES THAT ARE THE SAME AS THOSE SOUGHT BY NRA IN A STATE COURT ACTION**

The Federal Arbitration Act, relied upon by NRA in its Petition to Confirm Arbitration Award, provides that an arbitration award should be vacated "where the arbitrators exceeded their powers . . ." 9 U.S.C. § 10(a)(4). "The threshold question of arbitrability is one of law, and a reviewing court is obligated to make its own determination of the issue." *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc.*, 442 F.3d 471, 477 (6th Cir. 2006). Although arbitration awards are entitled to deference, and judicial review of an arbitration award is limited in scope, District Courts in this jurisdiction have not hesitated to vacate arbitration awards for the reasons set forth in 9 U.S.C. § 10. *See, e.g., Augusta Capital, LLC v. Reich & Binstock, LLP*, 2009 WL 2065555 (M.D. Tenn. 2009) (arbitration award vacated where arbitrators exceeded their powers by adjudicating issues not properly before them) (copy attached as **Exhibit 12**).

NRA's pursuit of the same claims and damages in both the arbitration proceeding and the state court action, and its alleging a violation of the TCPA, constituted a waiver of the arbitrability of its claims against Gaia and caused actual prejudice to Gaia. *See, City & County of Denver v. Dist. Court*, 939 P.2d 1353, 1368 (Colo. 1997) (when a party takes actions inconsistent with its rights to arbitrate, that party may waive such rights); *See also, Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771-775 (10th Cir. 2010) (discussion of waiver of arbitrability under the Federal

7

Arbitration Act); *Southern Systems, Inc. v. Torrid Oven Ltd.*, 105 F. Supp. 2d 848, 854-55 (W.D. Tenn. 2000) (citing *WorldSource Coil Coating, Inc. v. McGraw Constr. Co., Inc.*, 946 F.2d 473, 478 (6th Cir. 1991) for the proposition that submission of arbitrable issues in a judicial proceeding constitutes waiver of right to compel arbitration). By having to defend against the same claims and damages in separate forums, Gaia had to incur additional attorneys' fees and expenses, and potentially faces double exposure for the same claims and damages.

The Arbitrator exceeded his authority by adjudicating clams that NRA had placed at issue in the state court action and were thus not arbitrable, and also by awarding damages that are identical to those being sought by NRA in the state court action. Thus, the arbitration award must be vacated. *See, BFN-Greeley, LLC v. Adair Group, Inc.*, 141 P.3d 937, 940 (Colo. Ct. App. 2006) (pursuant to § 13-22-223 (1)(d), Colo. Rev. Stat., a "court must vacate an award when the arbitrators have exceeded their authority."); *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc.*, 442 F.3d 471, 475 (6th Cir. 2006) (citing 9 U.S.C. § 10(a)(4) for the proposition that "courts may vacate arbitration awards 'where the arbitrators exceed[ ] their powers'").

Specifically, NRA sought recovery in both the arbitration proceeding and in the state court action for Gaia's alleged violations of the TCPA in connection with the Middleware and the GE billing software, both of which were subjects of the Agreement requiring mediation, then arbitration if mediation was unsuccessful. By asserting a claim in the arbitration proceeding for a violation of the TCPA, NRA also violated the Agreement's provision that "this Agreement will be governed by the

8

laws of the State of Colorado in the United States of America, without regard to or application of any conflicts of laws rules or principles." Gaia strenuously objected to NRA's pursuing claims for violation of the TCPA in the arbitration as evidenced by letters from Gaia's counsel to the Arbitrator, who was advised that the same claims were being pursued in the state court action.

As previously discussed, NRA also sought recovery for the same damages in both the arbitration and in the state court action. And again, Gaia objected to this, pointing out in its post-hearing brief that a party cannot recover twice for its same damages, and cannot adjudicate the same claims in two separate lawsuits.

NRA's actions in improperly asserting a claim for violation of the TCPA in the arbitration proceeding, when it was simultaneously pursuing such a claim in the state court action, and in seeking the same damages in both proceedings caused actual prejudice to Gaia. As NRA has not withdrawn its claim against Gaia for violating the TCPA and has not modified its claim for damages in the state court action, at best Gaia will be forced to expend additional attorneys' fees to obtain a ruling that any such claim is barred by the doctrines of issue and/or claim preclusion. At worst, because there is no record of the arbitration hearing, and the Arbitrator did not issue any findings of fact or conclusions of law, it will be very difficult for the state court to determine what has, and has not, already been adjudicated by the Arbitrator.

As the Arbitrator considered the same damages that NRA is claiming in the state court proceeding, NRA should not be permitted to claim any further damages in state court. However, NRA has not even agreed to allow Gaia a credit in the amount

9

of $305,000.00, the amount of the Award, as to any judgment obtained by NRA against Gaia in the state court proceeding. Since the arbitrator did not issue a reasoned Award, absent a full credit, Gaia runs the risk of having not only damages rejected by the Arbitrator but duplicative damages awarded against it in the state court proceeding since, according to NRA, it was entitled to the same damages in both proceedings. Without knowing the specific basis for the amount of the Award, only a credit in Gaia's favor for the full amount of the Award (plus interest if applicable) will protect Gaia from the risk of a duplicative award.

Once more, the best case scenario for Gaia is that it is forced to expend additional attorneys' fees in an effort to obtain a favorable ruling from the state court, which favorable ruling may or may not be issued. The worst case is of course that NRA will get "two bites of the apple" and will be awarded damages for violations of the TCPA that the Arbitrator found to be without merit and/or awarded damages duplicative of the arbitration award.

II. **IF THIS COURT DOES NOT VACATE THE AWARD AT THIS TIME, THE COURT SHOULD STAY THE PETITION TO CONFIRM ARBITRATION AWARD AND THE MOTION TO VACATE PENDING A DETERMINATION BY THE STATE COURT OF THE APPLICABILITY AND EFFECT OF THE DOCTRINES OF ISSUE AND/OR CLAIM PRECLUSION TO THE ARBITRATION AWARD.**

This Court has authority pursuant to 9 U.S.C. § 12 to stay the Petition to Confirm Arbitration Award and should do so if it does not vacate the arbitration award at this time. Otherwise, Gaia may be well be subjected to a gross injustice. Unless the state court dismisses NRA's claims for violations of the TCPA, NRA will have gotten "two bites at the apple." Likewise, unless the state court dismisses all

10

Case 3:10-cv-00872 Document 13 Filed 12/12/10 Page 10 of 12 PageID #: 254

of NRA's damages claims (allowing Gaia a credit for the full amount of the arbitration award would be better than nothing), Gaia will face the very real possibility of being saddled with duplicative damages awards and having damages rejected in arbitration awarded against it. While principles of issue and/or claim preclusion should clearly be applied in Gaia's favor by the state court, there is no guarantee the state court will agree.

By granting the requested stay, this Court can assess the fairness of the state court's application of issue and/or claim preclusion to the arbitration award and can vacate the arbitration award if the interests of justice so require.

## CONCLUSION

For the foregoing reasons, the Award should be vacated. Alternatively, the Petition to Confirm Arbitration Award and Motion to Vacate should be stayed pending a ruling by the state court on the issue and/or claim preclusive effects of the arbitration award. Otherwise, NRA is likely to benefit from its procedural gamesmanship.

11

Respectfully submitted,

NORRIS & NORRIS PLC

BY:    /s/ John L. Norris
      John L. Norris (TN BPR #6007)
      Fifth Third Center
      424 Church Street, Suite 1300
      Nashville, Tennessee 37219
      (615) 627-3959

*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2010, a true and correct copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Served through the Court's electronic filing system:

Steven A. Riley, Esq.
Tim Harvey, Esq.
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203


/s/ John L. Norris
John L. Norris